**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 1:09 CR 47** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Matthew Frye, Jr.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**Introduction**

This matter is before the Court upon Matthew Frye, Jr.'s Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 41)[1].  For the following reasons, the

---

[1]     Also pending are defendant's Motion for Criminal Documents and Transcripts at Government's Expense (Doc. 49) and Motion to Proceed in Forma Pauperis in connection with the request for the documents and transcripts (Doc. 50).  The motions are denied. Although a defendant does not have a constitutional right to a free transcript in a § 2255 proceeding, he is entitled to have the government pay for a transcript if he demonstrates that his claim is not frivolous and that the transcript is needed to decide the issue presented in his case. *U.S. v. Akrawi*, 98 F.3d 1342 (6th Cir. 1996) (citing 28 U.S.C. § 753(f), other citations omitted); *Silvers v. U.S.*, 2010 WL 1491955 (E.D.Tenn. April 14, 2010) ("A transcript may be furnished to a federal prisoner at government expense under 28 U.S.C. § 753(f), but only after the § 2255 motion has been filed and the Court determines a transcript is necessary to decide a nonfrivolous issue raised in the § 2255

1

motion is DENIED.

**Facts**

On December 28, 2009, defendant entered a plea of guilty to felon in possession of a firearm and possession of a stolen firearm.[2]  On January 25, 2010, defendant was sentenced to a term of 66 months, followed by three years of supervised release.  A special assessment and fine were also entered.

On March 29, 2010, defendant's counsel filed a motion in the district court for an extension of time to appeal.  The motion was granted, and a notice of appeal was filed on March 31, 2010.  On July 7, 2010, the United States Court of Appeals for the Sixth Circuit issued an Order dismissing the appeal as untimely.

On January 24, 2011, defendant filed the instant Motion to Vacate. Defendant sets forth two grounds for relief:

> Ground One:  Mr. Frye's guilty plea was not intentionally, knowingly, or voluntarily made, but was the product of the Court of Peter C. Economus' [s] promise to impose a certain term of imprisonment and no fine.

> Ground Two: Mr. Frye's trial counsel rendered ineffective assistance of counsel where he failed to file timely notice of appeal when instructed to do so and in violation of his Sixth Amendment right to pursue an appeal of an illegal sentence.

**Discussion**

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court may "move the court

---

motion.") As discussed herein, defendant has not demonstrated a nonfrivolous claim for relief under § 2255, or that the transcripts are necessary to decide the issues presented in this case.

[2]  All proceedings took place in front of Judge Peter Economus.  The matter was transferred to this Court upon the filing of the § 2255 motion.

2

which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence

was imposed in violation of the Constitution or laws of the United States, or that the court

was without jurisdiction to impose such sentence, or that the sentence was in excess of the

maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

As discussed above, defendant failed to appeal his sentence in a timely manner and,

therefore, has procedurally defaulted his first ground for relief.  "In the case where the

defendant has failed to assert his claims on direct appeal and thus has procedurally defaulted,

in order to raise them in a § 2255 motion he also must show either that (1) he had good cause

for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or

(2) he is actually innocent." *Hicks v. U.S.,* 258 Fed.Appx. 850 (6th Cir. 2007).  As cause for

his failure to file a timely appeal, defendant asserts that his counsel was defective for not

filing the appeal.

Defendant's ineffective assistance of counsel claim is governed by the

well-established *Strickland* standard, which requires a showing that (1) counsel's

representation fell below an objective standard of reasonableness, and (2) there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694

(1984).

"[A] lawyer who disregards specific instructions from the defendant to file a notice of

appeal acts in a manner that is professionally unreasonable." *U.S. v. Doyle,* 631 F.3d 815 (6th

Cir. 2011) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)). "Where the defendant

does not instruct counsel to file an appeal, however, the court must ask 'whether counsel in

3

fact consulted with the defendant about an appeal,' which entails 'advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.' " *Id.* "If counsel consults with his client, he 'performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.' " *Id.*

In support of his assertion, defendant submits an affidavit prepared with his § 2255 motion wherein he avers that he ordered his counsel, immediately after being sentenced, to file a notice of appeal. Counsel indicated that he would, but when no appeal had been filed, defendant "went on a letter writing campaign." It was not until defendant wrote the Ohio Supreme Court, Chief of Disciplinary Counsel, that his attorney sought permission to file the late appeal. (Frye aff.)

Plaintiff maintains that this unsubstantiated averment contradicts other filings defendant submitted with the Sixth Circuit. Namely, plaintiff asserts that after defendant's appeal was dismissed as untimely, defendant submitted a response and attached a letter from his attorney wherein the attorney stated, "Since you did not request that I file a notice of appeal in your case I did not do so."[3]

A review of the Sixth Circuit docket shows that defendant submitted this filing in response to an Order issued by the Sixth Circuit requesting the defendant to state in writing

---

[3]     Plaintiff further asserts that it contacted defendant's counsel in this regard, but he indicated that he would not discuss the particulars of any discussions he had with the defendant unless this Court ordered him to do so. Plaintiff argues that defendant waived his attorney client privilege by disclosing a private communication with his lawyer in the Sixth Circuit filing and, consequently, this Court has the authority to compel the lawyer's cooperation if need be.

4

any reason why his appeal should not be dismissed as untimely.  (Case No. 10-3384) The

Sixth Circuit dismissed the appeal after considering the reasons stated in defendant's show

cause response.[4]

   This Court agrees with plaintiff that defendant's affidavit does not warrant an

evidentiary hearing or the relief requested.  In his show cause response to the Sixth Circuit,

defendant submitted a copy of a letter written to him by his attorney on February 25, 2010

which states:

> I received a telephone call from an individual with the Akron Law School Legal
> Clinic who informed me that he had spoken with you and that you wanted to file an
> appeal in your federal case.  However, the time has run out for filing your notice of
> appeal.  You have ten (10) days from the date of the court[']s journal entry to file the
> notice.  The journal entry was filed in your case on January 25, 2010.  You had ten
> days from that date to file the notice.  Since you did not request that I file a notice of
> appeal in your case I did not do so.

   Defendant's responsive filing in the Sixth Circuit does not directly controvert his

attorney's statement.  Instead, the response repeatedly states that the Judge promised to

sentence him to 63 months imprisonment in exchange for his agreement to plead guilty.  The

Judge further promised him that if he were to be sentenced to more than that, he could

withdraw his guilty plea on the day of sentencing.  Upon being sentenced to more than 63

months, defendant repeatedly told counsel, "I want to take back my guilty plea."  He stated

that he wrote letters to his attorney and called him on the phone informing him that he wanted

to "take back" the guilty plea.  Defendant had Akron Law School students contact his

---

[4]   The Order stated, "Because the appeal appeared to be untimely, Frye was directed
to show cause why the appeal should not be dismissed.  He responds that he
believed that his sentence would be limited to 63 months of imprisonment and
that he tried to contact his attorney to file an appeal."

attorney about his appeal.  He tried to "get his appeal started," but was ignored by his counsel. He states in a general fashion that he and his attorney "had talked about on several occassion's [sic] that my attorney.. would file appeal in my behalf..."

Defendant's averment in his affidavit that he requested immediately after sentencing that his attorney file the notice of appeal, contradicts his own filing in the court of appeals. He never states this in such clear terms, but rather indicates that he told his attorney that he wanted to "take back" his guilty plea.  The copy of the letter written to defendant by his attorney is consistent with defendant's statement that he asked the Akron Law School students to contact his attorney regarding the appeal.  But, the letter expressly states that defendant did not ask his attorney to file an appeal. It acknowledges instead that defendant was making a tardy request to file an appeal.

Ultimately, defendant's counsel did seek permission to file a late appeal on March 29, 2010, and then filed the notice of appeal.  This lends support to an inference that defendant's attorney discussed defendant's appellate rights, but defendant did not communicate his desire to file an appeal in a timely manner.  In fact, in his motion seeking the delayed appeal, counsel stated, "Defendant FRYE states as basis for excusable neglect or good cause shown that at the time of his sentencing Defendant FRYE was unable to communicate with undersigned counsel that it was his desire that a Notice of Appeal be filed in a timely fashion."  (Doc. 36)

For these reasons, defendant fails to establish that his counsel was ineffective.

Nor has defendant demonstrated that he suffered prejudice.  The transcript of the plea proceedings shows that Judge Economus advised defendant that he would be sentenced

6

within the low end of the 63 to 78 month sentencing guideline range, and that defendant would not be permitted to withdraw his plea at sentencing in the event the sentence imposed was more severe than defendant anticipated.  Defendant indicated that he understood and agreed to these statements.  At sentencing, Judge Economus initially stated that he would impose a sentence of 78 months, but then changed the sentence to 66 months upon defendant's counsel reminding him that he had agreed to a sentence at the low end of the sentencing range.  The sentence of 66 months is clearly in the low end of the range of 63 to 78 months.  Despite defendant's assertions to the contrary, the record is completely devoid of any evidence that defendant was promised a sentence of 63 months.

Accordingly, Ground One is procedurally defaulted and Ground Two fails on the merits.

**<u>Conclusion</u>**

For the foregoing reasons, defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is denied and the Government's Motion to Dismiss is granted.  Furthermore, the Court certifies, pursuant to 28 U.S.C. §  1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R.App.P. 22(b).

IT IS SO ORDERED.



 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 3/18/11